# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RYAN ANTHONY HENRY<br><br>Defendant | CASE NO. 1:98-CR-5121 AWI-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 115) |
|---|---|

On October 18, 2016, Defendant Ryan Anthony Henry ("Henry") filed a pro se motion for modification of conditions of release. See Doc. No. 115. Specifically, Henry states that he was released from prison in November 2013, has completed over 30 months of his supervised release, and had no violations or infractions of any kind. See id. Henry also states that he has had no other arrests and been gainfully employed for most of his release time. See id. Henry states that he is remorseful, regrets his actions, and lives a peaceful and productive life. See id. Henry states that his probation officer believes that he is a good candidate for early termination. See id.

A jury convicted Henry of solicitation to commit a crime of violence, to wit murder of a local law enforcement officer in violation of 18 U.S.C. §§ 373 and 1121. See Doc. Nos. 49, 60, 118. Henry was sentenced to 240 months imprisonment and 36 months of supervised release. See Doc. Nos. 60, 118.

On November 14, 2016, the United States filed an opposition to Defendant's motion. See Doc. No. 118. The government represents that the probation office is opposed to early termination

of supervised release because of the nature of the defendant's conviction, soliciting the murder of a law enforcement officer. The government states that it agrees with the probation department and opposes early termination of supervised release.

Although Henry had the opportunity to file a reply to the government's opposition, see Doc. No. 116, he did not do so.

18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Those factors are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7). After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); Emmett, 749 F.3d at 819. In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering. See Emmett, 749 F.3d at 820. District courts must explain its decision to either grant or deny a motion for early termination of supervised release. See id. at 820-21.

Here, Henry's motion is very brief, and no reply was filed. Although Henry's performance on supervised releaes appears to have been good, and Henry appears to be maintaining employment, there is insufficient information for the Court to conclude that early termination is appropriate. Contrary to Henry's representations, the probation office opposes early termination. The Court agrees with the probation office that the offense for which Henry was convicted was

extremely serious, and the need to provide adequate deterrence is very important. Further, Henry has a short period of time remaining on his supervised release, and there is no indication that he is suffering any undue hardship due to supervised release. At this time, the Court cannot conclude that it is in the interests of justice to terminate Henry's supervised release early.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release is DENIED.

IT IS SO ORDERED.

Dated:  April 11, 2017

_____
SENIOR DISTRICT JUDGE